(26 Misc. Rep. 82.)

PEOPLE ex rel. BROWN v. BRADY.

(Supreme Court, Special Term, New York County. January, 1899.)

STATUTES—IMPLIED REPEAL—BUILDING REGULATIONS.

Laws 1885, c. 454, provides that the height of all dwelling houses and houses in New York City intended to be used as dwellings for more than one family, fronting on streets not exceeding 60 feet in width, shall not exceed 70 feet. Laws 1897, c. 557, provides that all buildings to be used for certain purposes. not including dwelling purposes, the height of which shall exceed 35 feet, shall be built fireproof, and that all other buildings the height of which exceeds 75 feet shall be so built. *Held*, that the latter act did not impliedly repeal the former.

Motion by the people, on the relation of Kate C. Brown, against Thomas J. Brady, as commissioner of buildings in the city of New York, for mandamus to compel defendant to approve plans for a building proposed to be erected by relator. Denied.

Louis Camfora, for relator.
John Whalen, for defendant.

SCOTT, J. The relator, who is the owner of two lots of land on Ninety-Fifth street, in the city of New York, has filed with the defendant plans and specifications for a building which she proposes to erect, designed to be occupied as a dwelling house by 14 families. These plans indicate that the proposed building is to contain seven stories, and to be erected to the height of 73 feet and 6 inches. The building is to be of non-fireproof construction, and it is conceded that Ninety-Fifth street is only 60 feet in width. The defendant is commissioner of buildings of the city of New York, having administrative jurisdiction over that portion of the city of New York in which the relator's property lies. It is his duty to pass upon any question relative to the mode, manner of construction, or materials to be used in the erection or alteration of any building to be erected within the borough of Manhattan (in which relator's property is situated), and to require that such mode, manner of construction, or materials shall conform to law; and, until relator's plans have been approved by him, she cannot lawfully proceed with the erection of her projected building. The defendant refuses to approve the said plans and specifications, because they provide for the erection, fronting on a street only 60 feet in width, of a non-fireproof building exceeding 70 feet in height, basing his refusal upon an act known as chapter 454 of the Laws of 1885. The relator, claiming that this act relied on by the defendant has been repealed and superseded by later enactments, applies for a peremptory mandamus requiring the defendant to approve her plans and specifications. No disputed questions of fact are involved. The act referred to is entitled "An act to regulate the height of dwelling-houses in the city of New York." That it is a valid enactment, and within the constitutional power of the legislature, has already been decided. People v. D'Oench, 111 N. Y. 359, 18 N. E. 862. It provides, in its first section, that "the height of all dwelling-houses, and of all houses used or intended to be used as dwellings for more than one family in the city of New York, shall be regulated in proportion to the width of the streets and avenues upon which they front." The second section defines the limits of height as follows: "Such height * * * shall not exceed seventy feet upon all streets and avenues not exceeding sixty feet in width, and eighty feet upon all streets and avenues exceeding sixty feet in width." It is conceded that, if this act is still operative, the plans proposed by the relator are unlawful. The relator bases her contention that it has ceased to be operative upon a series of acts passed by the legislature since 1885, regulating the minimum height to which non-fireproof buildings may be erected. These acts, which are known as chapter 275, Laws 1892 (section 20), chapter 723, Laws 1896, and chapter 557, Laws 1897, each provide that every building erected after their passage, to be used as an hotel or as a theater, hospital, asylum, institution for the care and treatment of persons, or in whole or in part as a school or place of instruction, the height of which exceeds 35 feet, shall be built fireproof, and that "every other

building," the height of which exceeds a certain number of feet, shall also be built fireproof. The specifications of the buildings, other than hospitals, hotels, schools, etc., which must be built fireproof, have varied from time to time. In the act of 1892 all such buildings over 85 feet in height were required so to be built. By the act of 1896 this height was reduced to 70 feet, and by the act of 1897 it was increased to 75 feet. The relator contends that this latest statute of 1897 covers the whole subject of the permissible height of buildings, and that the only limitation now prescribed by law is that, if more than 75 feet in height, they must be fireproof, and that, by necessary implication, the act of 1885 must be deemed to have been repealed. It needs the citation of no authorities to sustain the proposition that the repeal of a statute by implication will not be effected unless the two statutes are obviously repugnant, or because, by reason of the fact that a later statute covers the whole subject treated in a former statute, or for other reasons, it is apparent that the legislature, in passing the later statute, intended to repeal the former. No such condition of affairs is shown here. There is certainly no inconsistency between the act of 1885 and the act of 1897. The former act was limited to dwelling houses, and regulated their height solely with reference to the width of the street or avenue on which they fronted. That width alone afforded the test of the height to which they might be built. The question whether or not their construction was to be fireproof was not referred to. The act of 1897, on the other hand, deals only with the question of fireproof construction. Every building over 75 feet in height, whenever erected, on a wide street or a narrow, a dwelling house or a factory, must be fireproof. With buildings under 75 feet (except the special classes limited as to fireproofing to 35 feet) the act of 1897 did not in any wise interfere. The result of the two statutes, standing together, is that on a street like Ninety-Fifth street no dwelling house, non-fireproof, can be erected, exceeding 70 feet in height. Any building other than a dwelling house can be erected on such a street to any desired height, but, if that height be more than 75 feet, the building must be fireproof. There is no repugnancy in these provisions. The act of 1885, therefore, remains still effective, and, as the relator's contemplated building confessedly violates its provisions, the defendant was right in refusing to approve the plans. The height to which fireproof dwelling houses can be erected, no question concerning which is involved in this application, is regulated by chapter 321 of the Laws of 1897.

Motion denied, with $10 costs.